In the Matter of RAYMOND D'ALVIA (Admitted as RAYMOND ANTHONY D'ALVIA), an Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, May 31, 1991

APPEARANCES OF COUNSEL

*Gary L. Casella* for petitioner.

*Raymond D'Alvia,* respondent *pro se.*

## OPINION OF THE COURT

Per Curiam.

In this proceeding the respondent was charged with 22 allegations of professional misconduct. The Special Referee sustained charges two through twenty-two and dismissed charge one. The petitioner moves to confirm the report of the Special Referee. The respondent cross-moves to remit the proceeding to the Special Referee for the purpose of having the Special Referee report to the court on the issues of mitigation, or in the alternative, to confirm in part and disaffirm in part the report of the Special Referee.

Charges two, three and seven allege that the respondent has been guilty of conduct involving dishonesty, fraud, deceit or misrepresentation by permitting 10 checks drawn on his attorney escrow accounts between November 1985 and October 1987 to be returned for insufficient funds and/or of converting funds that were entrusted to him to be held in escrow.

Charges four, five and six allege that the respondent has been guilty of conduct involving dishonesty, fraud, deceit, or misrepresentation by commingling his funds and those of his family with funds of his clients entrusted to him to be held in escrow.

Charges eight, nine, twelve, fourteen, seventeen and nineteen allege that the respondent neglected legal matters entrusted to him to the prejudice of his clients, by, for instance, failing to promptly provide a client with a closing statement, failing to pay a residuary legatee the balance of funds owing to her, failing to promptly file the papers necessary to obtain letters of administration for an estate, failing to prepare or submit estate tax forms in another matter, and failing to carry out services for two nursing home residents regarding the payment of medical bills and the securing of Medicaid benefits.

Charges ten, fifteen, eighteen and twenty allege that the respondent has been guilty of conduct involving dishonesty, fraud, deceit or misrepresentation by failing to account for funds that were entrusted to him with regard to an estate, a real estate transaction and for the benefit of two nursing home residents.

Charges eleven, thirteen and sixteen allege that the respon-

dent failed to communicate with clients regarding the status of their legal matters.

Charges twenty-one and twenty-two allege that the respondent failed to communicate with the Grievance Committee in its legitimate investigations of two complaints of professional misconduct by failing to submit timely written answers to those complaints.

After reviewing all of the evidence, we are in agreement with the report of the Special Referee sustaining charges two through twenty-two. The respondent is guilty of the misconduct outlined above. Accordingly, the petitioner's motion to confirm the report of the Special Referee is granted.

In determining an appropriate measure of discipline to be imposed, we have taken into consideration the mitigating circumstances advanced by the respondent, as well as the character evidence presented on his behalf. Nevertheless, the respondent is guilty of serious professional misconduct. Accordingly, the respondent is disbarred forthwith.

MANGANO, P. J., THOMPSON, BRACKEN, BROWN and SULLIVAN, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted and the respondent's cross motion to remit the proceeding to the Special Referee, or in the alternative, to confirm in part and disaffirm in part the report of the Special Referee is denied; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Raymond D'Alvia, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this court's rules governing the conduct of disbarred, suspended and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent Raymond D'Alvia is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before

any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.